Filed 1/19/22  P. v. Emery CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>GREG DANIEL EMERY,<br><br>      Defendant and Appellant. | C093813<br><br>(Super. Ct. No. 18CR2762904) |

Pursuant to a plea resulting in a conviction for conspiracy to possess controlled substances in prison, the trial court imposed a five-year term of probation on defendant Greg Daniel Emery.  On appeal the parties agree that the two-year limit on probation terms under Assembly Bill No. 1950 (2019-2020 Reg. Sess.) applies retroactively to defendant.  (Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021.)  But they disagree as to the proper remedy.  Defendant asks us to order the term of his probation be reduced to two years without remanding, while the People request a remand and an opportunity to reconsider the plea agreement.  We will modify the judgment to limit defendant's probation term to two years.

1

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are not pertinent to the issue on appeal. We summarize them briefly here. Defendant was involved in a scheme whereby contraband, including controlled substances, were attached to a prison van to be transported into the prison facility for collection by an inmate. He was charged with one count of conspiracy to possess controlled substances in prison with enhancement allegations that defendant had prior felony convictions and had served a prior prison term. Defendant pled guilty to the charged offense and admitted one prior strike as part of a conditional plea. Pursuant to the terms of the conditional plea agreement, sentencing was continued for one year, at which point defendant would be sentenced to either eight years in prison or placed on probation for five years, depending on whether he violated the law or engaged in any prison misconduct during that period.[1]

Before sentencing, the Legislature enacted Assembly Bill No. 1950, which amended Penal Code section 1203.1 to limit probation terms to two years except in certain circumstances that do not apply to defendant. Nevertheless, at the sentencing hearing conducted after Assembly Bill No. 1950 became effective, the trial court sentenced defendant to a five-year probation term pursuant to the plea agreement. Defendant timely appealed.

DISCUSSION

Defendant asserts that the trial court erred in refusing to limit his probationary term to two years in compliance with a recent legislative enactment and contends that the proper remedy is for this court to reduce the term of his probation. The People do not dispute that defendant's probation term should be reduced pursuant to the principle

_____

[1]    At the time of the conditional plea, Penal Code section 1203.1 allowed trial courts to impose probation for a term of no more than five years. (Former Pen. Code, § 1203.1, subd. (a).)

2

established in *In re Estrada* (1965) 63 Cal.2d 740, which provides that ameliorative change in law applies retroactively. But relying heavily on *People v. Stamps* (2020) 9 Cal.5th 685, the People ask us to remand and allow them the opportunity to reconsider the plea agreement in light of the reduced probation term. We conclude *Stamps* does not apply and decline to remand the matter to the trial court.

This issue was recently considered in *People v. Stewart* (2021) 62 Cal.App.5th 1065. We agree with *Stewart* that *Stamps* does not apply to cases where the Legislature directly made the terms of a plea bargain invalid and left the trial court with no discretion to unilaterally modify the plea. (*Id.* at p. 1077; *People v. Andahl* (2021) 62 Cal.App.5th 203, 214 ["[t]he identity of the decision maker is dispositive"].) Indeed, the Legislature passed Assembly Bill No. 1950 in order to reinvest funding into supportive services for the probationers, which research found would lower the risk of reincarceration. (Assem. Floor Analyses, 3d reading analysis of Assem. Bill No. 1950 (2019-2020 Reg. Sess.) as amended June 10, 2020, p. 1.) The Legislature's intent and the *Estrada* principle would be undermined if the People are allowed to withdraw from plea agreements involving probation terms in excess of two years. (*Stewart*, at p. 1078.)

Moreover, reducing the probation term does not deprive the People of the benefit of their bargain, as the plea agreement foresees and incorporates changes in law. (*People v. Gipson* (2004) 117 Cal.App.4th 1065, 1070 [plea agreements in California are generally " 'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy' "]; *Doe v. Harris* (2013) 57 Cal.4th 64, 70 [the parties to a plea agreement are not insulated from changes in the law that the Legislature has intended to apply to them].) Modifying the judgment also will not affect the trial court's authority to change or terminate probation or to grant expungement following completion of probation. (See *People v. Quinn* (2021) 59 Cal.App.5th 874, 885, fn. 6 [recognizing "[n]othing herein precludes defendant from moving the trial court to modify the

conditions of her probation in light of the reduced term of probation"]; Pen. Code, § 1203.3 [recognizing the trial court retains jurisdiction "during the term of probation to revoke, modify, or change" its previous order].)  This is especially true when defendant's new two-year probation term will not expire until January 29, 2023.

## DISPOSITION

We modify the judgment to reduce defendant's term of probation to two years. The clerk of the trial court is directed to prepare an amended minute order and an amended order of probation, and to provide them to the appropriate entities, including the probation department.  In all other respects, the judgment is affirmed.


/s/
Robie, Acting P. J.



We concur:



/s/
Mauro, J.



/s/
Duarte, J.


4